In re J. B. BREWSTER & CO.

Appeal of BREWSTER & CO.

(Circuit Court of Appeals, Second Circuit. June 30, 1910.)

No. 258.

BANKRUPTCY (§ 317*)—ALLOWANCE OF CLAIMS—COSTS OF SUIT.

Bankr. Act July 1, 1898, c. 541, § 63a, subd. 3, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), provides that debts of the bankrupt may be proved and allowed against his estate which are founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt. Long before bankruptcy proceedings were instituted, claimant sued the bankrupts to enjoin the use of a certain word in connection with their business. It was stipulated between the parties that the referee should not be limited to the statutory allowance, but that his fee should be at the rate of $25 per hour or fraction of an hour for the time occupied on the reference, and in preparation of his report, and that each side should pay one-half of the stenographer's bill; the prevailing party to tax his share thereof as a disbursement in the case. The referee announced his decision for claimant, delivering his report to claimant, and directed judgment in its favor. Claimant paid the stenographer's fees, and the referee's fees were paid prior to filing of proceedings in bankruptcy. *Held*, that the items of stenographer's and referee's fees constituted costs in the equity suit.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 317.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of J. B. Brewster & Co., bankrupts. From an order reversing an order of the referee allowing a claim of Brewster & Co., claimant appeals. Affirmed.

This cause comes here upon appeal from an order reversing an order of the referee allowing a claim filed by Brewster & Co. against the bankrupt's estate. The relevant section of the bankruptcy act is 63a, which reads as follows: "Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt; (4) founded upon an open account, or upon a contract, express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interests accrued after the filing of the petition and up to the time of the entry of such judgments." Act July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447).

Shearman & Sterling (John A. Garver, of counsel), for appellant.
Guernsey Price and Michel Kirtland, for appellee.
McLaughlin, Russell, Coe & Sprague, for trustee.
Richard B. Kelly, for Fifth Nat. Bank of City of New York.

Before LACOMBE, COXE, and WARD, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Long before the bankruptcy proceedings were instituted Brewster & Co. brought an equity suit in the state court against the bankrupts to enjoin the use of the word "Brewster" in connection with their business. All the issues were referred for trial. At the commencement of the trial, it was stipulated between the parties that "the referee shall not be limited to the statutory allowance but that his fee shall be fixed at the rate of $25 per hour or fraction of an hour for the time occupied on the reference and in the preparation of his report." It was further stipulated that each side should "pay one-half of the stenographer's bill on presentation of the same, the prevailing party to be allowed to tax his share of the stenographer's bill on presentation of the same, as a disbursement in the case."

On April 22, 1908, the referee in the suit formally announced to the parties his decision in favor of the plaintiff, and on May 5, 1908, he duly signed and delivered his report to the plaintiff, directing judgment in its favor with costs. The total amount of stenographer's fees paid by plaintiff prior to referee's decision was $999.99, and the referee's fees were $3,825, the whole of which was paid prior to the filing of petition in bankruptcy on May 7, 1908. There were other taxable costs, but the present claim is confined to these two items. Judgment in the equity suit, which includes costs and disbursements, was not entered until after May 7, 1908.

The single question here presented is whether these items of claim are to be considered as costs in the equity suit, or as a debt due prior to the institution of bankruptcy proceedings upon a contract express or implied. We are referred to no authorities in the federal courts passing upon this question, nor have we found any. Undoubtedly there was an express contract between the bankrupts and the claimant as to these items, but that contract did not change their character. Charges such as these are part of the necessary expenses of a suit for which the defeated party is to reimburse the successful party. Stenographer's fees are generally covered by some such stipulation, and, when so covered, are taxed with the bill of costs. Referee's fees always go with the costs. The agreement proved here fixes their amount at a sum in excess of statutory rates. We concur with the district judge, and affirm his order.